Butler *vs.* Long.

APPEAL from the Fourth District Court of New Orleans. HOUS-
TON, J.

*A. B. Philips* for Plaintiff Appellant.    *Braughn, Buck & Din-
kelspiel* for Defendant.

The allegations are that the partnership of the plaintiff and
defendant in the crockery business had been dissolved, and that
"since the dissolution the same sign still exists and that Navra
insists on styling himself the successor of Navra & Offner" — that
Navra has gone into bankruptcy, made a composition with his
creditors and resumed business, still keeps up the same sign, and
that the constant association of the plaintiff's name with an estab-
lishment thus dishonored is calculated to injure him to the extent of
$1,000.

The petition was dismissed on the exception of no cause of action.

No. 7379.

JOHN S. BUTLER vs. HENRY F. LONG.

A certain quantity of cotton-seed having been sold the plaintiff by the defendant, with
the understanding that they were to be left in a pen under the defendant's gin sub-
ject to the plaintiff's order, a year having elapsed and the plaintiff having removed
only a part of the seed, the defendant put the residue in sacks and conveyed them
to a warehouse on the bayou bank, whereupon the plaintiff sequestered them.

*Held,* the fact that the sacks were the property of the New Orleans Oil Company and
were so marked, and that the price of cotton seed had advanced and that they
were along with a lot of other sacks of seed which the defendant had at the same
time sent to the warehouse for shipment, turned the scale in favor of the plaintiff —
the testimony of the two parties being also contradictory on the intention to re-
move.

APPEAL from the District Court for Rapides.   BLACKMAN, J.

Succession of Egan.

*Bowman* for Plaintiff. *White* for Defendant Appellant.

After stating the facts and testimony at length,

WHITE, J. Although the plaintiff may have been in default, this would not justify the defendant in taking possession of the seed which he had sold, and for a large part of which he had been paid. The mere failure to remove them was at best only passive, and therefore could not possibly have justified the defendant in keeping the price and the thing. He had illegally taken possession of the seed. He had in his power to shew by disinterested witnesses the quantity of seed in the pen when he removed them. He has produced none. His own testimony is contradicted by his every act.

*Judgment reversed, and for the plaintiff.*